

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Joseph H. Mims
County Attorney, Midland County
Midland, Texas

Dear Sir:

Opinion No. O-7117

Re: Questions relating to the accrual
and payment of penalty and interest
on ad valorem taxes on real property
of members of the Armed Services.

Your request for opinion presents the following questions:

"Under the Soldiers and Sailors Relief Act, both
Federal and State, do penalty and interest on ad valorem
taxes accrue during the service of an enlisted man?  Do
they accrue and are they payable if the real estate upon
which the taxes become delinquent is owned by a wife or
other dependents of  the enlisted man.  If penalty and
interest do not accrue under this Act, then when will
penalty and interest begin to accrue on delinquencies for
county and state ad valorem taxes on real estate?"

The Legislature of Texas has enacted no legislation which
could be called a Soldiers' and Sailors' Relief Act.  However, the
48th Legislature did pass a law releasing certain penalties and inter-
est on ad valorem taxes on property under certain conditions.  This
act is listed by Vernon as Article 7336j, and reads as follows:

"That there is hereby released to all members of
the Armed Forces of the United States of America and
their auxiliaries, and all members of the Armed Forces
Reserve of the United States of America and their
auxiliaries, all interest and penalties accruing sub-
sequent to their entry into such service, on State and
county ad valorem taxes on property listed on the tax
rolls of any county in the name of any of such members
of the Armed Forces or their auxiliaries or the Armed
Forces Reserve or their auxiliaries prior to the time
they joined such Armed Forces or such auxiliaries;
providing that the release of such interest and penalties
shall extend for the duration of World War II, and pro-
viding that the respective members of such Armed Forces
and such auxiliaries and such Armed Forces Reserve and
their auxiliaries shall be allowed a period of not to
exceed six (6) months after the cessation of hostilities

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Joseph H. Mims, page 2

in which to pay without penalty and interest their taxes which have accrued and which shall accrue during the duration of the war." (Emphasis added)

It is clear that this act does not purport to prevent the accrual of penalties and interest upon such taxes, for if they did not accrue they could not be "released" to such members of the Armed Forces.

This release of penalties and interest is not absolute. As pointed out in Opinion No. O-5566, when a person is (a) a member of the Armed Forces of the United States or their auxiliaries, or a member of the Armed Forces Reserve or their auxiliaries, and (b) prior to the time when such person joined same, (c) there was listed in his name on the tax rolls of the county property subject to ad valorem taxes, and (d) said ad valorem taxes, subsequent to such entry into the above mentioned forces, became delinquent, then (e) all interest and penalties on said delinquent taxes would be released by operation of said Article 7336j to said person for the duration of the war and for not more than six months after the cessation of hostilities. In that opinion we further held that the release does not apply to the costs which accrued in connection with said taxes.

The provisions of the Soldiers' and Sailors' Civil Relief Act (50 U.S.C.A. Sec. 510, et seq.) are somewhat more liberal in their terms, but still are of limited application. Paragraph (1) of Sec. 560 of this Act reads in part as follows:

"The provisions of this section shall apply when any taxes or assessments . . . whether falling due prior to or during the period of military service, in respect of . . . real property owned and occupied . . . by a person in military service or his dependents at the commencement of his period of military service and still so occupied by his dependents are not paid." (Emphasis ours)

Paragraph (4) of Sec. 560 reads as follows:

"Whenever any tax or assessment shall not be paid when due, such tax or assessment due and unpaid shall bear interest until paid at the rate of 6 per centum per annum, and no other penalty or interest shall be incurred by reason of such nonpayment. Any lien for such unpaid taxes or assessment shall also include such interest thereon."

Honorable Joseph H. Mims, page 3

Under these provisions, then, when real property was (a) owned and occupied by "a person in military service" (as that term is defined by Sec. 511 (1) of 50 U.S.C.A.) or his dependents, (b) at the commencement of his period of military service, and (c) is still so occupied by his dependents, (d) the provisions of Sec. 560 apply to any taxes or assessments thereon, whether falling due prior to or during such period of military service, and if such assessments shall not be paid when due, such tax or assessment shall bear interest until paid at the rate of six per cent per annum, and no other penalty or interest shall be incurred by reason of the nonpayment.

It will be seen, therefore, that both Article 7336j V.A.C.S., and 50 U.S.C.A. 560 apply when (a) a person is a member of the Armed Forces of the United States or their auxiliaries, or a member of the Armed Forces Reserve or their auxiliaries, and (b) prior to the time when such person joined same, (c) there was listed in his name on the tax rolls of the county property subject to ad valorem taxes, (d) which was owned and occupied by him (e) at the commencement of his period of military service, and (f) is still so occupied by his dependents. In this situation, Sec. 560 of the Soldiers' and Sailors' Civil Relief Act operates to prevent the accrual of penalties and interest in excess of 6 per cent on all taxes becoming delinquent subsequent to the service man's entry into the above mentioned forces. Article 7336j operates to release to the service man such penalties and interest for the duration of the war and for not more than six months after the cessation of hostilities. If said delinquent taxes are not paid within this period, then the taxes continue to bear interest not exceeding 6 per cent until they are paid.

In this connection we call your attention to Opinion No. 0-6828 wherein we held that World War II has not yet terminated, and will not terminate, in the legal sense, and in the sense that the words "cessation of hostilities" are used in Article 7336j, until the Congress of the United States or the President by authority from Congress, formally proclaims that it is terminated, and that said Article 7336j will continue to be operative for a period of not to exceed six months after such termination.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 6 1946

FIRST ASSISTANT
ATTORNEY GENERAL

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:ms


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN